NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BALJIT SINGH,<br><br>           Petitioner,<br><br>    v.<br><br>DHS/ICE,<br><br>           Respondents. | Hon. Dickinson R. Debevoise<br><br>Civil No. 10-2014 (DRD)<br><br>OPINION |

**APPEARANCES**:

    BALJIT SINGH, A094222034/E3N
    Hudson County Correction Center
    35 Hackensack Avenue
    Kearny, New Jersey 07032
    Petitioner Pro Se

**DEBEVOISE**, District Judge

    Baljit Singh filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention in the custody of the Department of Homeland Security ("DHS"). Petitioner challenges his detention as not statutorily authorized and in violation of due process guaranteed by the Fifth Amendment, and he seeks an order directing the DHS to release him from custody. Because Petitioner's detention is statutorily authorized and he has not alleged facts showing that his removal to India is not reasonably foreseeable, this Court will summarily dismiss the Petition, without prejudice to the filing of a new petition in the event that Petitioner's removal to India is not reasonably foreseeable.

## I.  BACKGROUND

Petitioner challenges his detention by the DHS.  Petitioner is a citizen of India.  He legally entered the United States on July 23, 1998, as a nonimmigrant visitor with authorization to remain in the United States for a period not to exceed one year, and he overstayed his visa without authorization.  On September 29, 2009, officials took Petitioner into custody when they served Petitioner with a notice to appear charging him with removal pursuant to § 237(a)(1)(B), in that he remained in the United States for a time longer than permitted, as well as a notice ordering Petitioner's detention pending final determination of the immigration judge.  (Docket entry #1-3, pp. 5-6, 10.)  On October 7, 2009, an immigration judge ordered Petitioner removed to India, pursuant to § 237(a)(1)(B), and Petitioner waived appeal to the Board of Immigration Appeals.  (Docket entry #1-3, pp. 1-2.)

Petitioner asserts that he has remained in custody continuously since September 29, 2009, and he has cooperated fully with efforts to remove him to India.  (Docket entry #1, p. 5.) Petitioner contends as follows that his detention is not statutorily authorized:

> 21.  Section 241 of the Immigration and Nationality Act permits the detention of Alien with a final order of removal for a period of 90 days.  Beyond the statutory period, the Supreme Court has held that six (6) months is a presumptively reasonable period of detention for the government to effect removal.  Zadvydas v. Davis, 533 U.S. 678, 701 (2001).  Once six (6) months have passed, the Alien must be released if there is no <u>reasonable likelihood</u> of "Removal" in the reasonably foreseeable future. Zadvydas, 533 U.S. at 699, 700.  In this case, ICE has detained the petitioner for a period of time in excess months since the issuance of his final order.
>
> 22.  No special circumstances exist to justify petitioners continued detention.

>A. Petitioner is not an Alien with a highly contagious disease posing a danger to the public. See 8 C.F.R. § 241.14(b).
>
>B. Petitioners release would not cause serious adverse foreign policy consequences.
>
>C. Petitioner was never and now detained on account of security or terrorism concerns. See C.F.R. § 241.14(b)(1).
>
>23. Because there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist thereto, to justify petitioner's continued detention, petitioner must be released under ICE Supervision.

(Docket entry #1, pp. 6-7.)

Petitioner seeks an order declaring that his continued detention is not authorized by the INA and violates the Fifth Amendment and ordering respondents to release him under supervision. (Docket entry #1, p. 12.)

## II. DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts

3

that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B. Standard of Review

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a

4

warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). See Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").

Once an alien is ordered removed, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins

> on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the Attorney General to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").

However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To guide habeas courts, the Supreme Court recognized six months as a "presumptively reasonable period" of post-removal-period detention. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.[1]

---

[1] In 2005, the Supreme Court ruled in Clark v. Martinez, 543 U.S. 371 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable. See Clark v. Martinez, 543 U.S. at 384.

In this case, Petitioner's 90-day removal period began on October 7, 2009, when the immigration judge ordered his removal to India, Petitioner waived administrative appeal, and his removal order thereby became administratively final.  See 8 U.S.C. § 1231(a)(1)(B)(i) (removal period "begins on . . . [t]he date the order of removal becomes administratively final"); 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge . . . shall become final . . . [u]pon waiver of appeal by the respondent").  Section 1231(a)(2) required the Attorney General to detain Petitioner during the 90-day removal period, which ran from October 7, 2009, through January 7, 2010.  The six-month presumptively reasonable period of detention under § 1231(a)(6), as interpreted by Zadvydas, began to run on October 7, 2009, and continued through April 7, 2010.  Petitioner executed the § 2241 Petition on April 14, 2010, seven days after the six-month presumptively reasonable detention expired.  Petitioner's detention continues to be authorized by 8 U.S.C. § 1231(a)(6), however, because nothing alleged in his Petition "provides good reason to believe that there is no significant likelihood of removal [to India] in the reasonably foreseeable future," as required by Zadvydas, 533 U.S. at 701, to make the government "respond with evidence sufficient to rebut that showing."  Id. [2]

---

[2] To state a claim of unauthorized detention under Zadvydas, a petitioner must provide "good reason to believe that there is no likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.   See Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"); Pierre v.
(continued...)

Because Petitioner has not made the required showing under Zadvydas, his detention is authorized by § 1231(a)(6), and this Court will dismiss the Petition for failure to assert that Petitioner is detained contrary to the laws, the Constitution or treaties of the United States. However, the dismissal is without prejudice to the filing of a new § 2241 petition in the event that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.  See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").

### III.  CONCLUSION

The Court will dismiss the Petition without prejudice to the filing of another petition in the event that there is no significant likelihood of removal in the reasonably foreseeable future.


 *s/ Dickinson R. Debevoise*
**DICKINSON R. DEBEVOISE**
Senior District Judge

DATED:   May 4,  2010

---

[2](...continued)
Weber, 2010 WL 1492604 (D.N.J. April 14, 2010) (summarily dismissing § 2241 petition as premature under Zadvydas and § 1231(a)(6) where petitioner filed petition during presumptively reasonable six-month period after removal became final and failed to assert facts showing his removal is not reasonably foreseeable).